**The STATE of Utah, Plaintiff and Respondent,**

v.

**Drake L. LANCASTER, Defendant and Appellant.**

No. 18781.

Supreme Court of Utah.

June 9, 1983.

Phil L. Hansen, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Bruce Hale, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant appeals his conviction for driving while under the influence of alcohol.

Defendant was arrested, charged and originally tried and convicted in the justice's court. He appealed and received a trial de novo in the district court. A jury of his peers convicted him again. In such cases the district court is the court of last resort, except in cases involving the validity or constitutionality of a statute a further appeal may be taken to this Court. Utah Constitution, Art. VIII, § 9. Defendant

contends that Utah's Implied Consent Law, U.C.A., 1953, § 41-6-44.10(a) is unconstitutional because it allows the arresting officer to choose whether a chemical test of the breath of the arrested person or a test of the blood or urine shall be given. He argues that because a blood or urine sample may be stored for a future independent analysis by the defendant, an arrested person who is given a breath test is deprived of that privilege. This, he asserts, results in affording greater protection under the law to one class of arrested persons than another, in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

We are unable to reach the merits of the defendant's constitutional issue because he has not brought to this Court a transcript of the trial in the district court. The record before us contains only an exhibit sheet from which it appears that a breathalyzer test was administered to the defendant and that the results were received in evidence. However, without a transcript we do not know whether the defendant objected to the introduction of that test and properly raised at that time the constitutional question which he now urges upon us. Under Rule 4 of the Utah Rules of Evidence, a verdict cannot be set aside by reason of the erroneous admission of evidence unless there appears of record objection to that evidence timely interposed and so stated as to make clear a specific ground of objection. The only reference in the record before us to the constitutional question which defendant now seeks to raise is contained in a post-trial motion he made for judgment of acquittal notwithstanding the verdict. That belated attempt did not comply with Rule 4.

In view of this paucity of the record, we are left with no alternative but to refuse to entertain this appeal.

Appeal dismissed.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.